May Term,
1833.

THE STATE *v.* BAILEY and Another.

*Indictment against eight persons for an* unlawful assembly. *Five of the defendants appeared and pleaded not guilty; and two of these five were found guilty and three not guilty.* Held, *that judgment should be entered against the two found guilty; but that they must have been discharged, had all the others indicted been tried and acquitted.*

ERROR to the *Johnson* Circuit Court.

*Wednesday,
May 29.*

M'KINNEY, J.—Indictment for an unlawful assembly. Eight persons are charged by the indictment to have been guilty of the offence, of whom five pleaded not guilty. A jury found two of these guilty as charged, and acquitted the other three. A motion, made by the defendants found guilty to arrest the judgment, was sustained, and they were discharged.

The only question presented for our consideration is, should the judgment have been arrested? The principle is well-settled, that when an offence can only be committed by a certain number of persons, the number required to constitute it must be indicted, to justify a conviction. Thus, an unlawful assembly, a rout, or a riot, cannot be committed by less than three persons, nor a conspiracy by less than two. If in either of these offences a less number than is required to constitute it, be not indicted, or if on trial, less than that number be found guilty, and the others charged be acquitted, the conviction could not be sustained, as the specific offence would not appear to have been committed. 1 Chitt. Cr. L. 223.—Com. Dig. Information, D. 7.

But in the offences referred to, and in others requiring a certain number to their constitution, if a less number be charged with others unknown, or with many others, a conviction would be valid, though they never come in to be tried, or die before the time of trial. 1 Chitt. Cr. Law, 523.—2 Hawk. Pl. Cr. ch. 47, s. 8, n. 1, p. 441. Thus, in the case of *Rex* v. *Nicolls*, 2 Str. R. 1227, on an indictment for a conspiracy against two, one was convicted after the death of the other, and the conviction was adjudged good. In *Rex* v. *Kinnersley & Moore*, 1 Str. R. 193, on an indictment for a riot, four were indicted, two found guilty, and two acquitted. The judgment was arrested, and it was said that "it would have been different, if the two found

27

guilty, had been charged *cum multis aliis.*" And in *Rex* v. *Scott & Hams*, 3 Burr. R. 1262, six were indicted for a riot, two were convicted, two acquitted, and two died before the trial. The conviction was sustained, and Lord *Mansfield* remarked, "The jury have found these two guilty of a riot, consequently, it must have been together with those who have never been tried, as it could not otherwise be a riot."

In the case before us, eight are indicted, and two of five pleading not guilty, are found by a jury to be guilty as charged, and the other three thus pleading, acquitted. The three others indicted, appear not to have been before the Court, and, clearly, the jury may have well found the two convicted to have been guilty with the other defendants not tried. The verdict of the jury was not only warranted by the principles adverted to, but in conformity to the adjudications cited.

We are therefore of opinion, that the motion to arrest the judgment should have been overruled, and that judgment should have been rendered on the verdict.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Gregg*, for the state.
*H. Brown*, for the defendants.